# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| BRETT L. ELIASON, AGENT AND TRUSTEE OF THE ESTATE OF MAX AND JOYCE ELIASON, <br><br> Plaintiff, <br><br> v. <br><br> DALLIN H. OAKS, <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br><br> Case No. 2:24-cv-00072-HCN-JCB <br><br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendant Dallin H. Oaks's ("Mr. Oaks") motion to quash service and to dismiss this case for insufficient process, insufficient service, and lack of personal jurisdiction.[2] Based upon the analysis set forth below, the court recommends granting Mr. Oaks's motion, quashing pro se Plaintiff Brett L. Eliason's ("Mr. Eliason") attempt at service on Mr. Oaks, and dismissing this case without prejudice.

## BACKGROUND

Mr. Eliason initiated this case by filing his complaint, which is entitled, "Summons and Complaint."[3] The same day, the Clerk of Court issued to Mr. Eliason a Summons in a Civil

---

[1] ECF No. 5.

[2] ECF No. 6.

[3] ECF No. 1.

Action, which was directed to Mr. Oaks.[4] Soon thereafter, Mr. Eliason caused a process server to hand deliver the "Summons and Complaint"—without the issued summons—to the offices of Mr. Oaks's counsel.[5] Mr. Oaks then appeared specially through counsel for the limited purpose of filing his motion to quash service and to dismiss this case for insufficient process, insufficient service, and lack of personal jurisdiction.[6]

## LEGAL STANDARDS

Fed. R. Civ. P. 4 provides the requirements for the content of a summons and for service of a summons and complaint. After a plaintiff files a complaint, he "may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."[7] A proper summons must:

> (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal.[8]

For service to be proper, "[a] summons must be served with a copy of the complaint."[9]

---

[4] ECF No. 2.
[5] ECF No. 6-2 at 2, ¶¶ 7-8.
[6] ECF No. 6.
[7] Fed. R. Civ. P. 4(b).
[8] Fed. R. Civ. P. 4(a)(1)(A)-(G).
[9] Fed. R. Civ. P. 4(c)(1)

"Effectuation of service is a precondition to suit,"[10] and "the plaintiff has the burden . . . of establishing the validity of the service of process."[11] "Actual notice is not a substitute for proper Rule 4 notice."[12] "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."[13] "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant."[14] However, "[t]he court . . . retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted."[15]

## ANALYSIS

As demonstrated below, Mr. Eliason failed to complete proper service on Mr. Oaks because the document Mr. Eliason served did not include a valid summons. Therefore, the court should grant Mr. Oaks's request to quash Mr. Eliason's attempt at service. Additionally, because it is unlikely that Mr. Eliason would properly serve Mr. Oaks even if provided with the chance to do so, the court should not permit Mr. Eliason to attempt to re-serve Mr. Oaks and should grant Mr. Oaks's request to dismiss this case for insufficient process, insufficient service, and lack of personal jurisdiction.

---

[10] *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).

[11] *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

[12] *B&D Dental Corp. v. KOD Co.*, No. 2:13-CV-236 TS, 2013 WL 5739783, at *2 (D. Utah Oct. 22, 2013) (quotations, citations, and footnote omitted).

[13] *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

[14] *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

[15] *Id.*

First, the court should grant Mr. Oaks's request to quash Mr. Eliason's attempt at service. Despite receiving a valid summons from the Clerk of Court, Mr. Eliason's only attempt to serve Mr. Oaks was to have a process server hand deliver only the "Summons and Complaint" to Mr. Oaks's counsel. Putting aside the issue of whether Mr. Oaks's counsel could accept service on Mr. Oaks's behalf, Mr. Eliason's service attempt could not be valid because the document he served did not include the valid summons. Therefore, the court should grant Mr. Oaks's request to quash Mr. Eliason's attempt at service.[16]

Second, the court should grant Mr. Oaks's request to dismiss this case for insufficient process, insufficient service, and lack of personal jurisdiction. Through his actions in this case and at least one other case in this district, Mr. Eliason has demonstrated a pattern of failing to properly serve defendants.[17] In this case, Mr. Oaks's motion clearly notified Mr. Eliason several months ago that service was not proper, but Mr. Eliason has done nothing to attempt to remedy that problem.[18] Further, Mr. Eliason had another case in this district dismissed without prejudice

---

[16] The court acknowledges that Mr. Eliason is proceeding pro se, but that does not excuse his obligation to comply with the service requirements of Rule 4. *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) ("A pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4."); *see also Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))).

[17] Mr. Eliason is no stranger to initiating cases in this district. In fact, District Judge Ted Stewart has issued a Vexatious Litigant Order against Mr. Eliason, which places restrictions on Mr. Eliason's ability to initiate new pro se cases in this district. *Eliason v. Corp. of the President of the Church of Jesus Christ of Latter-day Saints*, No. 2:23-cv-00785-TS, ECF No. 114.

[18] Notably, Mr. Eliason filed a response to Mr. Oaks's motion, but that response fails to address the issue of proper service in any way. ECF No. 7.

for failure to properly serve the defendants, even after the defendants moved to quash service, and the court provided Mr. Eliason with additional time to complete service.[19] Thus, Mr. Eliason knows—or should know—the requirements for proper service, yet he chooses to ignore them. As such, it is unlikely that he would properly serve Mr. Oaks even if provided with the chance to do so. Therefore, he should not be allowed to attempt to re-serve Mr. Oaks, and this case should be dismissed without prejudice.

## RECOMMENDATION

For the reasons stated above, the court HEREBY RECOMMENDS:

1. Mr. Oaks's motion to quash service and to dismiss this case for insufficient process, insufficient service, and lack of personal jurisdiction[20] be GRANTED.

2. This case be DISMISSED WITHOUT PREJUDICE.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[21] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[22] Failure to object may constitute waiver of objections upon subsequent review.

---

[19] *Eliason v. Kirton McConkie PC*, No. 2:24-cv-00115-TC, ECF Nos. 40-43.
[20] ECF No. 6.
[21] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).
[22] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

DATED this 13th day of February 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge